IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHAQUILLE PARKER, #275050, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-340-MHT |
| ) | [WO] |
| ) | |
| JEFFERSON DUNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Shaquille Parker ("Parker"), a state inmate, challenging the assignment of his custody classification level upon his arrival at the Kilby Correctional Facility ("Kilby"). In the complaint, Parker alleges that correctional officials violated his constitutional rights when they classified him as close custody due to a disciplinary he received for assaulting an officer during his prior confinement in a county jail. *Compl. - Doc. No. 1* at 3-4. Specifically, Parker argues that use of the county jail disciplinary to determine his custody classification subjected him to double jeopardy. *Id*. In an amendment to the complaint, Parker also challenges the conditions of confinement to which he is subjected "in a lock up cell" due to his assigned custody classification. *Amendment to Complaint - Doc. No. 6* at Parker names Commissioner Jefferson Dunn, Central Records, Angela Dawson, a member of the Central Review Board, Phyllis Billups, a warden at Kilby, and Captain Logan and Captain Ellington,

correctional officers assigned to Kilby, as defendants in this case. Parker seeks declaratory relief and monetary damages. *Id*. at 5.

Upon review of the complaint, the court concludes that those claims challenging the assignment of a classification level to Parker are due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

### A. Double Jeopardy

Parker asserts that his assignment to close custody based on his assault of an officer at the Madison County Jail constitutes double jeopardy as he "was charged with assault 2nd . . . and placed in [disciplinary] confinement" while at the jail. *Amendment to Complaint - Doc. No. 6* at 2; *Compl. - Doc. No. 1* at 4. The Supreme Court has consistently held that "the Double Jeopardy Clause provides three related protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *United States v. Wilson*, 420 U.S. 332, 343 (1975) (internal citation omitted).

> The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "'in common parlance,'" be described as

---

[1] The court granted Parker leave to proceed *in forma pauperis*. *Order of May 22, 2015 - Doc. No. 3*. Despite Parker's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> punishment. *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549, 63 S. Ct. 379, 387, 87 L. Ed. 443 (1943) (quoting *Moore v. Illinois*, 14 How. 13, 19, 14 L. Ed. 306 (1852)). The Clause protects only against the imposition of multiple ***criminal*** punishments for the same offense, *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S. Ct. 630, 633, 82 L. Ed. 917 (1938); *see also Hess*, *supra,* at 548-549, 63 S. Ct., at 386-387 ("Only" "criminal punishment" "subject[s] the defendant to 'jeopardy' within the constitutional meaning"); *Breed v. Jones*, 421 U.S. 519, 528, 95 S. Ct. 1779, 1785, 44 L. Ed. 2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution"), and then only when such occurs in successive [criminal] proceedings, *see Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 678, 74 L. Ed. 2d 535 (1983).

*Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (emphasis in original). The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." *Breed*, 421 U.S. at 528. It is clear that prison classification proceedings are not part of a criminal prosecution. *See United States v. Mayes*, 158 F.3d 1215, 1224 (11th Cir. 1998); *cf. Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In a double jeopardy challenge by federal prisoners to criminal charges based on the same offense conduct underlying prison disciplinary sanctions, including placement in maximum security prisons and confinement in disciplinary segregation, the Eleventh Circuit determined that "[p]rison officials have no authority to alter the inmates' original criminal sentences. They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." *Mayes*, 158 F.3d at 1224. Based on this determination, the Court refused to declare the administrative actions of prison officials in

imposing sanctions on the inmates "criminal" and rejected the prisoners' double jeopardy challenges to their subsequent criminal prosecutions. *Id*. It is therefore clear that the assignment of Parker to close custody and the attendant confinement in lock-up for security purposes is not "punishment" for double jeopardy purposes. *Hudson*, 522 U.S. at 98-99 (1997) (The Double Jeopardy Clause does not prohibit additional sanctions merely because the sanctions could be commonly described as punishment.); *Taylor v. Gomez*, 182 F.3d 927 (9th Cir. 1999) (Inmate's double jeopardy claim "lack[ed] merit [because] district court correctly reasoned that [his] custody classification is not punishment, but rather a method of housing inmates based on their behavior."); *Welch v. Epps*, 103 F. App'x 828 (5th Cir. 2004) (mere change in custodial status does not qualify as a second "punishment" for double jeopardy purposes); *Butler v. McDonough*, 2007 WL 2071530, *8 (M.D. Fla. 2007) (The protections of the Double Jeopardy Clause "apply to criminal trials, not . . . subsequent inmate classifications utilized by jail officials to maintain safety and security."). Consequently, Parker has failed to state a plausible claim with respect to a violation of the Fifth Amendment's protection against double jeopardy and this claim is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Close Custody Classification

Parker is currently incarcerated on a life sentence for convictions imposed upon him by the Circuit Court of Madison County, Alabama. *See http://www.doc.state.al.us*. Parker acknowledges that he assaulted an officer during his confinement at the Madison County Jail

and received a disciplinary for this assault during his confinement in the jail. Based on these factors, correctional officials assigned Parker to close custody.

Insofar as the complaint can be construed to raise a claim of entitlement to placement in a more favorable custody classification, this claim provides no basis for relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979).

To the extent Parker alleges that his assignment to a restrictive classification level violates his rights under the Eighth Amendment, he is likewise entitled to no relief. The Constitution proscribes the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities," are grave enough to establish constitutional violations. *Id.* at 347. The challenged action must be "extreme" and must pose "an unreasonable risk of serious damage to [Plaintiff's] future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations and citations omitted). Here, the mere assignment of Parker to close custody does not amount to a violation of the Eighth Amendment.

In light of the foregoing, these challenges are due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims challenging the decision of correctional officials to place him in close custody be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Angela Lawson and Central Records be dismissed as defendants in this cause of action as the plaintiff's claims against these defendants relate solely to the assignment of his classification level.

3. The plaintiff's claims with respect to the conditions of confinement in lock-up be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 22, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE